UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL JOHN PSZANKA and MICKIE LYNN PSZANKA, <br><br> Appellants, <br><br> vs. <br><br> SUTTON LIVING TRUST and FORREST C. ALLRED, Trustee, <br><br> Appellees. | 5:16-CV-05106-KES <br><br><br> MEMORANDUM OPINION AND ORDER |

On August 15, 2011 (petition date), appellants Micki Lynn Pszanka and her husband, Michael John Pszanka, filed for relief under chapter 7 of the Bankruptcy Code. On June 27, 2013, the Sutton Living Trust (Trust) filed a proof of claim for $27,683.56 and on October 27, 2015, it amended its proof of claim to $298,071.66. The bankruptcy trustee and debtors objected to the Trust's proof of claim. The case was submitted to the Bankruptcy Court on stipulated facts. On November 10, 2016, the Bankruptcy Court overruled the trustee's objection. The appellants timely filed their notice of appeal. Under 28 U.S.C. § 158(c)(1), the appellants elected to allow this United States District Court to hear their appeal.

# FACTUAL BACKGROUND[1]

The Trust owned commercial real property located in Rapid City, South Dakota. The Trust entered into a contract for deed with Triple L, Inc., where it agreed to sell the commercial property to Triple L. Appellant Mickie Lynn Pszanka owned Ripple Gee, LLC. With the Trust's consent, Ripple Gee agreed to purchase the commercial property from Triple L. The Trust and Triple L entered into an addendum to the contract for deed to accommodate Triple L's assignment of the contract for deed to Ripple Gee and to extend the term of the contract for deed. Triple L then assigned its interest in the contract for deed to Ripple Gee, and Ripple Gee assumed Triple L's duties and responsibilities under the contract for deed. In connection with the assignment, Mickie Pszanka personally guaranteed Ripple Gee's obligations to the Trust under the contract for deed. The guaranty provides as follows:

> For and in consideration of the benefit of receiving an assignment of the Buyer's interest in that certain Contract for Deed dated September 2, 2009 between Sutton Living Trust (Seller) and Triple L, Inc. (Buyer) and in further consideration of the loan from Sutton Living Trust to Ripple Gee, LLC and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the undersigned Guarantor hereby personally guarantees the full and faithful performance and observance of all covenants, terms, and conditions of that certain Contract for Deed and Addendum thereto ("Contract") between Sutton Living Trust as Seller and Triple L, Inc., as Buyer, which contract has been assigned from Triple L, Inc. ("assignor"), to Ripple Gee, LLC ("assignee"), to be performed by Buyer, expressly including, without being limited to, all payments to be made and any other obligations to be performed. If the Contract shall be modified in any respect by agreement between Assignee and Seller, the obligations hereunder of Guarantor shall extend and apply with respect to the full and

---
[1] The facts are based on the parties' stipulated facts as submitted to the bankruptcy court. Docket 1-1.

faithful performance and observance of all the covenants, terms and conditions of the Agreement and of any such modifications thereof.

Prior to the petition date, Ripple Gee defaulted on the contract for deed. In lieu of foreclosure, the Trust requested that Ripple Gee quitclaim the property to the Trust. After receiving the quitclaim deed, the Trust sold the property to Aspen Ridge Lawn and Landscaping, LLC. As of the petition date, Ripple Gee owed $460,218.88 on the contract for deed. The Trust sold the property to Aspen Ridge for $208,900.00. The Trust incurred $13,286.04 in transaction costs related to the sale to Aspen Ridge. Between the time the Trust took possession of the property and the time it sold the property to Aspen Ridge, the Trust incurred $33,466.74 in expenses to maintain and insure the property. The Trust then filed an amended proof of claim for $298,071.66 to cover the remaining amount owed on the contract for deed and to cover the expenses incurred in transaction costs, maintenance, and insurance. Trustee, Forrest C. Allred, objects to the Trust's claim.

## STANDARD OF REVIEW

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." *Fix v. First State Bank of Roscoe*, 559 F.3d 803, 808 (8th Cir. 2009)(quoting *In re Falcon Prods., Inc.*, 497 F.3d 838, 840-41 (8th Cir. 2007)). Here, the only issue before the court is one involving a legal determination, so the court will review the issue de novo.

**DISCUSSION**

Appellants contend that the Pszanka guaranty was a conditional guaranty that only guaranteed the performance of Ripple Gee, and thus, Mickie Lynn Pszanka is not liable to the Trust because her guaranty terminated when the underlying contract for deed terminated due to the delivery of a quitclaim deed. Docket 5 at 3, 10-12. "According to South Dakota law, acceptance of a quitclaim deed rescinds a purchase agreement and a contract for deed, along with the rights thereunder." *Johnson v. Light*, 723 N.W.2d 125, 128 (S.D. 2006). So acceptance of the quit claim deed extinguished any claims the Trust may have had against Ripple Gee. The question then becomes whether the guaranty creates liability on the part of Mickie Pszanka that survived the rescission of the contract for deed.

"A guaranty is a promise to answer for the debt, default, or miscarriage of another." SDCL § 56-1-1. Under SDCL § 56-1-18, a guarantor's obligation cannot be larger in amount nor more burdensome than that of the principal. But the Supreme Court of South Dakota has recognized that "SDCL § 56-1-18 applies to the ordinary guaranty and should not be interpreted as preventing the parties to freely assume more of an obligation than that imposed in ordinary circumstances." *Int'l Multifoods Corp. v. Mardian*, 379 N.W.2d 840, 844 (S.D. 1985). In fact, the guaranty language "can indeed create greater liability on the part of the guarantor." *Id.* "[O]nce the validity of the guaranty is recognized, the terms of the [guaranty] itself determine the duty of the guarantor." *Sunbank of S.D. v. Precision Specialty Prods., Inc.*, 429 N.W.2d 73,

4

75 (S.D. 1988). Thus, the issue is what duties are imposed on the guarantor based on the language of the guaranty.

## I. The Pszanka guaranty is unconditional.

Appellants argue that the Pszanka guaranty is conditional because there is no language in the guaranty that Pszanka unconditionally guaranteed payment even after the underlying debt was discharged. Appellants rely on *United States v. Tharp*, 973 F.2d 619, 623 (8th Cir. 1992), to support their contention that the Pszanka guaranty was a conditional guaranty. In *Tharp*, the Eighth Circuit Court of Appeals stated:

> We are aware of the general rule that the release or discharge of the principal obligor also discharges the guarantor unless the right of recourse against the guarantor is expressly reserved in the guaranty agreement. Here, however, the language contained in the guaranty agreement clearly provides for the unconditional liability of the guarantors, regardless of whether the obligation of the principal debtor has been released, discharged or altered in any matter.

*Id.* at 623. The language of the guaranty agreements stated that the guarantor "unconditionally guarantees" payment of the promissory notes and allowed the lender to change the terms of the agreement with the principal debtor without discharging the guarantor. *Id.* at 620. As a result, the Court found that the language of the guaranty agreements provided for an unconditional guaranty and thus, the guarantors were liable even though the principal obligor was discharged. *Id.* at 621.

Here, appellants argue that the Pszanka guaranty is distinguishable because it "went no further than to guarantee the performance by Ripple Gee"

and did not contain language that Pszanka "unconditionally" guaranteed payment. Docket 5 at 14. The Pszanka guaranty, however, states that "the undersigned Guarantor personally guarantees the full and faithful performance and observance of all covenants, terms, and conditions of that certain Contract for Deed and Addendum . . . to be performed by Buyer, expressly including, without being limited to, all payments to be made and any other obligations to be performed." Docket 6-2 at 8. The guaranty also states that "[i]f the contract shall be modified . . . the obligations hereunder of Guarantor shall extend and apply with respect to the full and faithful performance and observance of all the covenants, terms and conditions of the Agreement and of any such modifications thereof." *Id.* Thus, the Pszanka guaranty specifically guarantees payment as well as performance and ensures the performance even if the underlying contract for deed is modified. So while the Pszanka guaranty does not specifically state that it is unconditional, it nevertheless without limit guarantees the payment and performance of all obligations under the contract for deed. Thus, the Pszanka guaranty is unconditional.

II. **Pszanka's liability was not discharged when Ripple Gee's responsibility was discharged.**

Appellants also argue that once Ripple Gee's performance was discharged, the Pszanka guarantee was canceled. Appellants rely on *Mardian* to support their contention. In *Mardian*, the guarantors argued that they could assert the principal debtor's defenses of breach of warranty and failure of consideration. But the South Dakota Supreme Court held that the unequivocal

6

language of the guaranties waived the guarantors' rights to assert those defenses in an action by the creditor. *Mardian*, 379 N.W.2d at 844. Thus, because of the language contained in the guaranties, the guarantors were found to be liable on their guaranties even though the principal debtor was not liable. *Id.* Similarly here, the language of the guaranties controls and Pszanka is still liable even though the principal debtor is relieved of liability.

Appellants also argue that this case is similar to *First Dakota National Bank v. Graham*, 864 N.W.2d 292, 293 (S.D. 2015). Docket 5 at 15. In *Graham*, a hospitality company obtained a loan from a bank in exchange for a promissory note and mortgage to purchase a hotel. *Id.* at 293. The bank also obtained separate commercial guaranties from the hospitality company shareholders that guaranteed "full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender." *Id.* at 296. A few years later, the hospitality company defaulted on the note. *Id.* at 293. The bank obtained a default judgment against the company and an order directing that the hotel be sold at public auction. *Id.* at 294. At the public auction, the bank bid on the hotel for the full amount owed on the note. *Id.* The bank then sought to enforce each commercial guaranty against the shareholders. *Id.* The South Dakota Supreme Court found no liability, based on the language in the guaranty contracts, because "the [g]uarantors' obligation [was] unambiguously connected to the existence of the indebtedness of [the hospitality company] to [the bank]." *Id.* at 296. Because the indebtedness of the hospitality company (Borrower) was fully extinguished when First Dakota (Lender) bid in the full

amount of the debt at the foreclosure auction, there was no remaining indebtedness of the borrower that was guaranteed to be paid by the guarantors under the terms of the guaranty. *Id.* at 297.

Here, there is an amount owed to the Trust on the contract for deed and the guaranty states "the undersigned guarantor hereby personally guarantees the full and faithful performance and observance of all covenants, terms, and conditions . . . to be performed by Buyer, expressly including without being limited to, all payments to be made and any other obligations to be performed." Docket 6-2. This is not like the terms of the guaranty in *Graham*, which were limited to guaranteeing payment of the borrower's indebtedness. Instead, the terms of the guaranty state that Pszanka will ensure performance—including payments—under the contract for deed. Pszanka guaranteed all payments under the contract for deed and the contract for deed has not been fully paid. Thus, Pszanka is obligated to pay the remaining amount owed to the trust.

## CONCLUSION

In conclusion, the Pszanka guaranty is an unconditional guarantee without limitation in which Pszanka personally guaranteed all payments and other obligations under the contract for deed. Furthermore, under the terms of the guaranty, Pszanka's liability was not discharged when Ripple Gee's liability was extinguished. Thus, this court affirms the decision of the bankruptcy court.

IT IS ORDERED that Trustee Forrest C. Allred's Objection to Proof of Claim #10 of Sutton Living Trust is overruled, and the claim filed by Sutton Living Trust is allowed as filed.

DATED November 8, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE